IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BYRON BLUEITT,<br><br>              Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES, and<br>TODD WASMER,<br><br>              Respondents. | **8:20CV18**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on initial review of Petitioner Byron Blueitt's (Blueitt) Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Filing No. 1.[1] For the reasons discussed below, the court will dismiss the petition without prejudice.

The petitioner has been serving a life sentence since 1993. Blueitt belatedly argues that because the acceptance of his plea and a finding of guilty was displayed on the judge's minutes, he is being held in violation of state law inasmuch as no valid judgment was entered.[2] In other words, he essentially claims that he was not found guilty despite the fact the minutes, as reflected by one of Blueitt's attachments, show that: "DEFT PLEADS NO CONTEST TO CT I OF INF. PLEA ACCEPTED AND DEFT FOUND GUILTY . . . ." Filing no. 1 at CM/ECF pp. 21, 25.[3] He

---

[1] The court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

[2] Presumably, this explains why he has filed a § 2241 petition rather than a § 2254 petition.

[3] The remainder of the minutes stated:

apparently believes the judge was obligated to file a separate written document or make some other type of journal entry. He also complains that his life sentence was included in the judge's minutes referred to above and should have been reflected in a separate document as well.

He has raised similar issues with the Nebraska courts, *e.g.*, Filing no. 1 at CM/ECF p. 83, and was denied relief by the state district court which decision was affirmed by the Nebraska Court of Appeals and the Nebraska Supreme Court (upon a petition for further review). *E.g.*, Filing no. 1 at CM/ECF p. 3 ¶ 8 (Supreme Court); Filing no. 1 at CM/ECF p. 101 (Court of Appeals).

The *form* of judgments and the *form* of sentences are purely a matter of state law. It is clear that "federal habeas corpus relief does not lie for errors of state law ... [and] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In addition, although a habeas petitioner may characterize claims as due process violations, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." *Carson v. Director of the Iowa Dep't of Corr. Servs.*, 150 F.3d 973, 975 (8th Cir.1998) (quotation omitted). A habeas petitioner must therefore "point to the Supreme Court precedent" that he believes the state court "acted contrary to or applied unreasonably." *Evenstad v. Carlson*, 470 F.3d 777, 783 (8th Cir. 2006) ("Evenstad's claims boil down to an issue of Minnesota state law and his attempt to recast the issue in a constitutional light is unavailing.").

---

DEFT WAIVED PSI. ON MOT OF STATE, CTS II, III, IV DISMISSED. DEFT PRESENT WITH COUNSEL R.HAYS. DEP CO ATTY R.ROTHROCK PRESENT. NEITHER THE DEFT NOR DEFT'S ATTY GIVING ANY REASON WHY SENTENCE SHOULD NOT NOW BE PRONOUNCED THE CT PROCEEDED TO SENTENCE THE DEFT. DEFT IS SENTENCED TO THE DEPT OF CORR SERVICES FOR INCARERACTION IN THE NEBR PENAL COMPLEX FOR LIFE. COSTS TAXED TO DEFT. COMMITMENT TO ISSUE.

*Id.*

2

In short, this court has no power to adjudicate state law claims and only state law claims are presented here.

Because "the detention complained of arises from process issued by a state court," Blueitt must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The court has applied the appropriate standard and determined that Blueitt is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The petition for writ of habeas corpus, Filing no. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The court will enter judgment by separate document.

Dated this 23rd day of January, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Court